People v Berrios (2025 NY Slip Op 01175)

People v Berrios

2025 NY Slip Op 01175

Decided on February 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2025

Before: Moulton, J.P., Gesmer, Mendez, Higgitt, O'Neill Levy, JJ. 

Ind No. 297/19|Appeal No. 3782|Case No. 2021-00720|

[*1]The People of the State of New York, Respondent,
v
Andre Berrios, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kalani A. Browne of counsel), for respondent.

Order, Supreme Court, Bronx County (Alvin M. Yearwood, J.), entered on or about June 29, 2020, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant subjected a family member to sexual contact that began in June 2016, when the victim was 14 years old, and lasted until November 2018. The contact occurred while the victim was physically helpless because he was either asleep or had been bound him to a bed with zip ties by defendant. In July 2018 defendant engaged in sexual contact with a second victim, a 15-year-old friend of the first, while the second victim was also physically helpless. Defendant recorded a sexually explicit video of the second victim, which he threatened to show others, and provided both victims with marijuana and alcohol.
The Risk Assessment Instrument assessed 135 points against defendant, making him a presumptive risk level three offender. The Board did not recommend any downward departure. At the SORA hearing defendant did not dispute the Board's findings and point assessment; however, citing factors in mitigation, he requested a downward departure to level one.
The court providently exercised its discretion in denying defendant's request for a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's "vocational programming, favorable disciplinary record, and postrelease familial support were adequately taken into account by the risk assessment instrument" (People v Beard, 223 AD3d 440, 441 [1st Dept 2024], lv denied 41 NY3d 908 [2024]; see also People v Perez, 226 AD3d 487, 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024]). Defendant did not establish that his rehabilitative efforts were so exceptional as to warrant a departure (see Beard, 223 AD3d at 441; People v Colon, 213 AD3d 419, 420 [1st Dept 2023], lv denied 39 NY3d 914 [2023]).
In any event, the mitigating factors cited by defendant were "outweighed by the seriousness of the underlying sexual offense[s]" (People v Williams, 220 AD3d 512, 513 [1st Dept 2023], lv denied 41 NY3d 905 [2024]), which defendant perpetrated against two adolescent boys in states of physical helplessness.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2025